UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-CV-00043-TBR

CLAUDE R. COX                                                              PLAINTIFF

v.

STEVE HILAND, MD, et al.                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Defendants' Motion for Summary Judgment (DN 66). In response, Plaintiff has filed his own Motion for Summary Judgment (DN 69). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff, Claude R. Cox, filed this action pro se alleging Kentucky State Penitentiary ("KSP") physician Steve Hiland, M.D., and KSP Advanced Registered Nurse Practitioner ("ARNP") Chanin Hiland allegedly violated his rights under the Eight Amendment to the Constitution of the United States by acting with deliberate indifference toward his serious medical needs.

Plaintiff alleges in his Complaint that he "signed up twice" to seek medical attention from Defendants while he was "in the whole" (sic), i.e., disciplinary segregation. He alleges one time was on or about December 20, 2008 and the second time was on or about January 5, 2009. Plaintiff alleges Defendants failed to treat him for headaches and chest pain in December 2008 and refused to reinstate his seizure medicine.

Defendants now move for summary judgment arguing Plaintiff has failed to exhaust his administrative remedies; Plaintiff has failed to satisfy the objective and subjective components of his Eighth Amendment deliberate indifference claim; Defendants are entitled to qualified immunity;

and Plaintiff has failed to establish damages.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

In order to survive a motion for summary judgment, Plaintiff must present more than a mere scintilla of evidence. Here, Plaintiff, although filing a motion for summary judgment himself, has

2

not responded to Defendants motion for summary judgment and therefore has failed to meet his burden. On this ground alone Defendants are entitled to summary judgment. Additionally, however, Defendants have presented sufficient evidence for the Court to find Defendants are entitled to judgment as a matter of law.

Defendants argue Plaintiff has failed to satisfy the objective and subjective components of the Eighth Amendment deliberate indifference claim. The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 102-103 (1976). Two requirements must be met in order to show a violation of the Eighth Amendment by prison officials: "First, the deprivation alleged must be, objectively, 'sufficiently serious,'" and, second, the prison official must have acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1970).

First, Defendants assert Plaintiff has failed to satisfy the objective component of the Eighth Amendment deliberate indifference test. In order to satisfy the objective component, Plaintiff must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. Therefore, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of deliberate indifference. *Id*.

The Sixth Circuit has further clarified that a prisoner's personal opinions that his medical care was substandard, or that he should have received a different treatment than the one provided are not sufficient to raise a cognizable claim of Eighth Amendment deliberate indifference to the prisoner's serious medical needs. *Westlake v. Lucas*, 537 F.2d 857, 860-861(6th Cir.1976). Case law makes clear, mere disagreements regarding the adequacy of medical care do not amount to deliberate

indifference. *Durham v. Nu'man*, 97 F.3d 862, 869 (6th Cir. 1996), *cert. denied* 520 U.S. 1157 (1997). If a party has received medical attention, a court will not generally second guess the judgment of the medical professionals providing such treatment. *Estelle*, 429 U.S. at 107. As stated by the Sixth Circuit in *Westlake*,

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Westlake*, 537 F.2d at 860 n.5 (citations omitted).

Here, the medical records reflect that Plaintiff received treatment. The records reflect that on December 30, 2008, Plaintiff discussed his headaches and chest pains with Defendants. Additionally, on January 13, 2009, Plaintiff discussed the reordering of his seizure medicine with Defendants. There is no documentation of any recent seizure activity. Based on the record before the Court, Plaintiff merely has a disagreement with Defendants regarding the course of treatment prescribed. Further evidence of this is provided in Plaintiff's Complaint wherein he asserts Defendants have failed to order a CAT Scan, EKG, chest x-ray, or additional blood work while treating Plaintiff. It is not the role of this Court to second guess the judgment of medical professionals.

Finally, when considering the objective component, the Sixth Circuit additionally requires that a plaintiff "who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed" against a motion for summary judgment. *Napier v. Madison County, Ky.*, 238 F.3d 739,743 (6th Cir. 2001). Plaintiff has failed to provide such verifying medical

4

evidence. Defendants are entitled to summary judgment. As Plaintiff has failed to meet the objective component, the Court need not address the subjective component.

While Defendants' other arguments may have merit, in light of the above holding it is unnecessary to address additional issues. The Court notes that Plaintiff's motion for summary judgment is non-responsive and appears to consider legal issues involving anti-trust law.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED and Plaintiff's motion is DENIED. All claims against Defendants are dismissed. An appropriate judgment shall issue.